UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 10-257 (JNE)

| | |
|---|---|
| UNITED STATES OF AMERICA,           )<br>                                     )<br>            Plaintiff,               )<br>                                     )<br>v.                                   )<br>                                     )<br>JAMES CARL GUSTAFSON,                )<br>                                     )<br>                                     )<br>            Defendant.               ) | **POSITION OF THE UNITED STATES WITH RESPECT TO SENTENCING** |

The United States of America, by and through its undersigned attorneys, hereby submits its position with respect to sentencing in the above-captioned case.

## INTRODUCTION

The United States has reviewed the Presentence Investigation Report (PSR) prepared in this case and adopts the findings of the report.

## STATEMENT OF FACTS AND DISCUSSION

James Gustafson worked for Dennis Hecker essentially his entire adult life, holding various positions at various Hecker entities. Gustafson was paid well, and at the highest point, in 2007 and 2008, he earned about $150,000 a year. For many years, Gustafson worked for the fleet leasing entities, where he was responsible for remarketing vehicles, returning vehicles to the manufacturers, and handling the licensing and titling of vehicles. Some of the time, including during the fall of 2007, the critical

time for Hecker's and Leach's Hyundai fraud scheme, Gustafson reported to Steven Leach.

As the Hecker empire began collapsing, and even when only a few employees were left during the summer of 2009 through the summer of 2010, Gustafson remained by Hecker's side. Many witnesses told the government that Gustafson was loyal to Hecker to a fault, and the government's impression is the same. It appears Gustafson felt he owed Hecker a debt of gratitude for having received good employment for so many years. Gustafson has paid a tremendous price for his loyalty and for his agreement to commit crimes for Hecker. He is now a convicted felon.

As stated, Gustafson was involved in assisting Hecker in fraud. However, the government does not believe that Gustafson was the mastermind, nor does the government believe Gustafson was as critical to Hecker as others, such as Leach. Rather, Gustafson played the role of loyal henchman. It is for that reason that the plea deal with Gustafson was a fair one.

Gustafson pled guilty to his involvement in a fraud scheme that involved retitling a Cadillac Escalade into the name of Northstate Financial, a shell company, in order to hide the asset from Hecker's primary creditor, Chrysler Financial. Gustafson is the one who prepared the title paperwork and provided it to the State of Minnesota. The end result of his actions is that the state prepared the false title documents and mailed them to the

Hecker organization. The scheme as devised by Hecker went beyond Chrysler Financial to all creditors and was done in preparation for filing bankruptcy. Gustafson was not charged with bankruptcy fraud, however, because there is no evidence Gustafson knew about Hecker's plans to file bankruptcy.

Gustafson also pled guilty to making a false statement in connection with an interview by law enforcement agencies. Gustafson knew about the Hyundai fraud scheme generally in the fall of 2007, and by early 2008, he had learned about the fraudulent document that Hecker submitted to Chrysler Financial. But in his April 21, 2010, proffer interview, Gustafson tried to deny there even was a fraud, and he said that he did not know about the falsified document until October 2008. Later, Gustafson admitted to the false statement, and he provided additional cooperation that was truthful but which could not wipe away his earlier false statement.

Gustafson was involved in other illegal conduct for Hecker. The government believes that he should not be held accountable for this other conduct either because he was not charged with it and it is unrelated to his counts of conviction, see U.S.S.G. § 1B1.3(a)(2), or because he brought it to the government's attention under proffer conditions. See U.S.S.G. § 1B1.8(a). In sum, Gustafson's decision to cooperate with the government has assisted his cause greatly.

**CONCLUSION**

The applicable guideline range set forth in the PSR is 4 to 10 months imprisonment, the same range set forth in the plea agreement. This guideline range is reasonable in light of the nature and circumstances of the offense described above, as well as the history and characteristics of the defendant described above and as set forth in the PSR. Namely, he assisted Hecker in fraud, but he had a smaller role relative to others. Pursuant to 18 U.S.C. § 3553(a), a guideline sentence is sufficient "to reflect the seriousness of the offense, to promote respect for the law, . . . to provide just punishment for the offense . . . [and] to afford adequate deterrence to criminal conduct . . . ." In addition, Gustafson deserves the benefit of having assisted law enforcement. The details of that cooperation will be filed separately under seal for the Court's consideration.

Dated: December 20, 2010     Respectfully submitted,

                                        B. TODD JONES
                                      United States Attorney

                                      s/Nicole A. Engisch

                                      BY: NICOLE A. ENGISCH
                                            NANCY E. BRASEL
                                            DAVID M. GENRICH
                                      Assistant United States Attorneys